# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF KENTUCKY
# COVINGTON DIVISION

IN RE

DANIEL L. PFETZER                                             CASE NO. 17-20802

DEBTOR

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISMISS

This matter is before the Court on Creditor Monmouth EFM, LLC's Motion to Dismiss this case for lack of good faith under 11 U.S.C. § 1307(c).[1] [ECF No. 41 (the "Motion").] The parties presented written arguments on the Motion [ECF Nos. 51, 56, 57] and the Court heard the arguments of counsel.[2] The Court is faced with a narrow issue to decide: can a creditor assert a failure to meet the good faith requirement of § 1325(a)(7) as "cause" to dismiss where the creditor has filed to timely object to plan confirmation on that basis? Or, stated differently, can § 1307(c) save an otherwise untimely, or even unmade, § 1325(a)(7) objection to confirmation of a chapter 13 plan?

## JURISDICTION

The Court has jurisdiction over this matter. 28 U.S.C. § 1334(b). Venue is proper in this District. 28 U.S.C. §§ 1408 and 1409. This is a core proceeding. 28 U.S.C. § 157(b)(2)(A). The Court is authorized to issue a final order adjudicating this matter.

## BACKGROUND

Debtor Daniel L. Pfetzer filed a chapter 13 petition on June 7, 2017, which states that, as of the filing, Debtor and Creditor were parties to state court litigation. On June 8, 2017, Debtor filed a chapter 13 plan, and then an amended chapter 13 plan on July 7, 2017. Creditor never

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. References to the Federal Rules of Bankruptcy Procedure appear as "Bankruptcy Rule ____."

[2] The Chapter 13 Trustee declined the opportunity to take a position on the issue presented.

filed an objection to confirmation of Debtor's plan or amended plan. Timely objections to confirmation were due, under versions of Bankruptcy Rule 3015(f) and Local Rule 3015-3(a) then in effect, by July 26, 2017, seven days after the meeting of creditors under § 341(a) held on July 19, 2017. Creditor filed a proof of claim on August 18, 2017, listing an unsecured debt valued at $697,502.12.[3]

On September 9, 2015, Creditor filed an adversary complaint against Debtor in which it asked the Court to deny Debtor's discharge under § 727(a). After Creditor filed an amended complaint, Debtor moved to dismiss the adversary proceeding, arguing that § 727 does not apply to cases filed under chapter 13. Rather than oppose that motion, Creditor filed, with Debtor, an Agreed Stipulation of Dismissal without prejudice on November 20, 2017.

The next day, Creditor filed the Motion requesting a dismissal for cause under § 1307(c), asserting Debtor's alleged bad faith in filing his petition. Creditor argues:

> [T]he only change in Debtor's financial condition leading up to his bankruptcy filing was Debtor's purposeful and fraudulent transfer and concealment of his assets in a scheme to protect such assets from future execution by his creditors. Debtor's bankruptcy petition is a continuation of this scheme and was filed in bad faith as Debtor knowingly made false statements on his bankruptcy schedules, concealed and undervalued assets, and fraudulently transferred multiple assets to hinder, delay, and defraud [Creditor], his creditors, and the trustee in this case.

[Motion at 2.]

Debtor opposes the Motion on two fronts. Debtor disputes Creditor's position on the facts. And, more importantly for purposes of this opinion, Debtor contends that Creditor is barred from seeking the relief it requests. Debtor argues that, because Creditor did not file a timely objection to confirmation under § 1325(a)(7) based on Debtor's alleged lack of good faith

---

[3] Debtor objected to Creditor's Claim No. 5, as amended, pursuant to § 502(b)(6) and Bankruptcy Rule 3007. Creditor has responded to that objection. The objection has been set aside pending a resolution of this Motion.

2

in filing his petition, Creditor cannot now raise the same objection under the guise of a motion to dismiss under § 1307(c).   Debtor frames the pertinent facts as follows:

> 5. The Debtor filed his proposed Chapter 13 Plan on June 8, 2017. …
>
> 6. Pursuant to Local Rule 3015-3, in effect at the time the Debtor filed his Plan, Creditor had up to and including July 19, 2017 to object to confirmation of the Plan.[4]   Creditor failed to object.
>
> 7. On or about August 18, 2017, Creditor filed Claim No. 5, in the amount of $697,502.12.
>
> 8. The last day to timely object to the dischargeability of any debt was September 15, 2017.
>
> 9. On or about September 15, 2017, Creditor filed an adversary proceeding [against Debtor]. …
>
> 10. The complaint in the adversary proceeding asserted multiple counts premised upon 11 U.S.C. [§] 727.
>
> 11. The Debtor filed a Motion to Dismiss the adversary proceeding on October 30, 2017.
>
> 12. Without responding to the merits of the Motion to Dismiss, Creditor prepared and entered into a joint stipulation dismissing the adversary without prejudice.
>
> 13. Debtor asserts that Motions to Dismiss are generally threshold matters which should be raised, if at all, early in a case.   In the case at hand, Creditor has actively participated in the bankruptcy process, but allowed both the deadline to object to dischargeability and to confirmation pass without taking any action.   The current Motion to Dismiss with prejudiced [*sic*] is simply an effort to achieve a "second bite at the apple" at an objection to confirmation or dishchargeability [*sic*] action and should therefore be denied.
>
> 14. Debtor asserts that by failing to timely object to confirmation pursuant to 11 U.S.C. [§] 1325(a)(7), Creditor has waved the right to assert the petition has been filed in bad faith under [§] 1307(c).

[ECF No. 51 (the "Response") (citations to documents in the record omitted).]

Debtor's amended plan has not yet been confirmed.   Accordingly, the Court has not yet found, by confirming his plan, that Debtor satisfied all requirements under § 1325(a), including that Debtor filed his petition in good faith under § 1325(a)(7).

---

[4] Debtor is mistaken on this date; as stated above, the Local Rule then in effect required confirmation objections to be filed within seven days of the date first set for the first meeting of creditors, which was held on July 19, 2017.

3

## ANALYSIS

This Motion calls for an analysis of the interplay of two sections of the Bankruptcy Code, one of which only came into existence via the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA). The narrow issue presented appears to be one of first impression. Neither party directed the Court to a case in which, prior to confirmation, a debtor argued that a creditor could not seek a dismissal under § 1307(c) owing to an alleged lack of good faith in filing a petition because the creditor failed to object to confirmation under § 1325(a)(7). The Court's own research also did not find any case law speaking directly to the question presented, let alone any binding authority.

**A.     Applicable law: § 1307(c) and § 1325(a)(7).**

To begin, a review of the two Code provisions at issue will clarify the inquiry. First, although not expressly listed in § 1307(c) as "cause," it is a long-standing tenet that a bankruptcy court may dismiss a chapter 13 case for cause under that section if it finds that the debtor filed a petition in bad faith. *See*, *e.g.*, *Alt v. U.S. (In re Alt)*, 305 F.3d 413, 418-19 (6th Cir. 2002). The movant carries the burden on a motion under this section and, when evaluating the motion in the Sixth Circuit, a court must consider "the totality of the circumstances" by applying a multi-factor test with a "nonexhaustive" set of factors. *Id*. at 419-20 (citing *In re Love,* 957 F.2d 1350 (7th Cir. 1992)).

> Creditor posits that this case should be dismissed for bad faith under § 1307(c) because:
>
> Debtor's primary intent in filing a chapter 13 petition was to avoid payment to [Creditor], his single largest creditor. Debtor concealed and misrepresented assets and/or sources of income with the intention to avoid the State Court Litigation and conceal and shield himself from potential liability. Debtor's actions in this case clearly show that his petition was filed in bad faith and Debtor's creditors have been prejudiced by Debtor's actions. The failure of the Debtor to submit accurate Statements and Schedules are all material misrepresentations meant to hinder, delay, or defraud his creditors and the trustee

4

> in this case. Debtor's actions were egregious and are akin to fraud, misconduct, or gross negligence.

[Motion at 14.] However, Creditor did not argue that Debtor lacked good faith in filing his petition in a timely objection to the confirmation of Debtor's chapter 13 plan.

Post-BAPCPA, to confirm a chapter 13 plan, a debtor must establish, *inter alia*, that "the action of the debtor in filing the petition was in good faith." 11 U.S.C. § 1325(a)(7); *see also In re Caldwell*, 895 F.2d 1123, 1126 (6th Cir. 1990) (explaining that the debtor has the burden to establish that a plan should be confirmed based on the criteria in § 1325(a)). Debtor argues that the 2005 addition of § 1325(a)(7) now requires a creditor to object to plan confirmation if that creditor contends that the debtor filed a petition in bad faith. To support this position, Debtor notes that "[t]he bad faith in the filing of the petition traditionally referred to pre-BAPCPA case law under [§] 1307(c) is exactly the same bad faith which has now been codified in [§] 1325(a)(7)." [ECF No. 56 ("Supplemental Brief") at 4 (citing *In re Hieter,* 414 B.R. 665, 670 (Bankr. D. Idaho 2009) ("[E]ven prior to BAPCPA, a chapter 13 case could be dismissed when it was demonstrated to the court that the case was filed in bad faith or as an attempt to unfairly manipulate the Code. … Because BAPCPA effectively codified the good faith filing requirement previously employed in the case law, that case law is applicable to any analysis of § 1325(a)(7).") (citations omitted)).][5]

---

[5] *See also*, *e.g.*, *Hackerman v. Demeza (In re Demeza)*, 567 B.R. 473, 476-477 (Bankr. M.D. Pa. 2017) ("A debtor must file a Chapter 13 petition in good faith, *In re Myers*, 491 F.3d 120, 125 (3d. Cir. 2007), and a Chapter 13 plan cannot be confirmed unless it has been proposed in good faith, 11 U.S.C. § 1325(a)(3). Additionally, a Chapter 13 plan cannot be confirmed unless the petition was filed in good faith. 11 U.S.C. § 1325(a)(7). Courts apply the same standards when analyzing good faith when considering grounds for dismissal or conversion of a case under § 1307(c) and when evaluating a plan under the § 1325 confirmation requirements."); *In re Durov*, Case No. 16-71699, 2017 Bankr. LEXIS 649, at *14 (Bankr. C.D. Ill. March 10, 2017) ("BAPCPA, however, introduced § 1325(a)(7), which requires a debtor to show that the petition was filed in good faith as a condition of confirmation. 11 U.S.C. §1325(a)(7). The addition of § 1325(a)(7) has been viewed as 'nothing more than a codification of the long-standing judge-made rule and a corollary of § 1307(c)—that a petition can be dismissed "for cause."' *In re Shafer*, 393 B.R. 655, 659 (Bankr. W.D. Wis. 2008). And courts analyzing the issue of good faith in filing a petition since the addition of § 1325(a)(7) have applied the same standards. *In re McCreary*, 2009 Bankr. LEXIS 4087, 2009 WL 5215587, at *2 (Bankr. C.D. Ill. Dec. 29, 2009).").

**B.      Debtor's argument.**

Debtor contends that "[a] failure to timely object to confirmation concedes all arguments which could have been raised under [§] 1325(a), and therefore provides a complete defense under section 1307(c)."  [Supplemental Brief at 1.]  To bolster this argument, Debtor cites *Shaw v. Aurgroup Financial Credit Union,* 552 F.3d 447, 457 (6th Cir. 2009) (holding that a creditor's failure to timely object to plan confirmation may be construed as acceptance of the plan) and *In re Flynn,* 402 B.R. 437, 443–44 (B.A.P. 1st Cir. 2009) ("Unlike chapter 11, chapter 13 has no balloting mechanism by which secured creditors may evidence acceptance of a plan. It is, therefore, only the negative—a filed objection—that evidences the lack of acceptance.  For this reason, when a creditor is properly noticed of the provisions in a chapter 13 plan and takes no timely action, *i.e.*, files no objection, the judicial doctrine of 'implied' acceptance fills the drafting gap in the Code.").  According to Debtor,

> Because the bankruptcy code allows an affirmative act like acceptance under [§] 1325(a)(5)(A) to be implied by the failure to object, it follows that the same failure to object may give rise to the waiver or forfeiture of any other argument arising under [§] 1325(a).  Waiver and forfeiture by their nature both arise from the failure to act, whether intentionally or otherwise.  *Gerber v. Riordan*, 649 F.3d 514, 522 n. 1 (6th Cir. 2011).  While not called a waiver specifically, it is the failure to act or object, intentionally or otherwise, that the *Flynn* and *Shaw* Courts relied upon to deem the plan accepted even if the creditor later raised arguments to the contrary.

---

However, courts are not unanimous on this conclusion.  *See In re Powers*, 554 B.R. 41, 59 (Bankr. N.D.N.Y. 2016) (stating that, while "case law is sparse and no binding precedent exists to guide this Court in its analysis of" § 1325(a)(7), and while "legislative history provides no insight into the congressional intent or purpose of § 1325(a)(7)" the court did not "favor the application of either the § 1325(a)(3) or 1307(c) tests for the reason that these are three independent statutory provisions, and each section serves a separate and distinct purpose.  Section 1325(a)(3) tests the reasonableness of the plan and the sincerity of the debtor with respect to that particular plan; § 1325(a)(7) tests whether the filing is fundamentally fair and in a manner that complies with the spirit of the Code; and § 1307(c) seeks, *inter alia*, to prevent dishonest, ill-motivated, bad faith debtors from invoking the protections of bankruptcy altogether.  By its very terms, § 1325(a)(7) contemplates only whether the 'action of the debtor in filing the petition was in good faith.'  11 U.S.C. § 1325(a)(7).  Because Congress purposefully added § 1325(a)(7) to the Code in 2005, in this Court's view, § 1325(a)(7) must serve a purpose different from either § 1325(a)(3) or § 1307(c).").

6

[Supplemental Brief at 2-3.] Therefore, according to Debtor, a creditor's failure to object on any basis itemized under § 1325(a) implies that creditor's acceptance of the plan and concedes that the debtor has satisfied the listed elements, including that the petition was filed in good faith.

**C.     Creditor's argument.**

Creditor counters that neither the Code nor any case law cited by Debtor expressly supports the argument that the addition of § 1325(a)(7) now requires a creditor to object to confirmation to be able to seek dismissal of a chapter 13 case under § 1307(c) based upon bad faith in filing a petition. To that end, Creditor contends that this Court's general and equitable powers "'must and can only be exercised within the confines of the Bankruptcy Code,'" and the Court may not read a requirement into the Code that does not exist in its text. [ECF No. 57 ("Reply") at 1, citing *Marrama v. Citizens Bank of Mass.*, 549 U. S. 365 (2007) (Alito, J., dissenting).] Creditor avers that, both pre- and post-BAPCPA, creditors have been able to argue for conversion or dismissal under § 1307(c) for cause including bad faith, and, if Congress intended to require a creditor to object to plan confirmation under § 1325(a) before it could move to dismiss for bad faith under § 1307(c), then Congress could have expressly imposed this requirement in the Code.

Creditor also points out that there is no specific deadline set forth in the Bankruptcy Code, the Bankruptcy Rules, or this Court's Local Rules by which a creditor must file a motion under § 1307(c). Moreover, Creditor notes that the Court has not confirmed a chapter 13 plan in Debtor's case. Therefore, there is no plan with terms that are binding on Debtor or his creditors, nor has the Court found that Debtor has satisfied all elements listed under § 1325(a). To the latter point, Creditor argues that cases addressing motions to dismiss based on a lack of good faith in filing the petition "rely on whether a plan had already been confirmed, as opposed to the amount of time that had elapsed, in deciding whether to grant the motion to dismiss." [Reply at

7

4 (citing *In re Newman*, 259 B.R. 914 (Bankr. M.D. Fla. 2001); *Nicholes v. Johnny Appleseed (In re Nicholes)*, 184 B.R. 82 (B.A.P. 9th Cir. 1995); *In re Elstien*, 238 B.R. 747, 754 (Bankr. N.D. Ill. 1999)).]  Creditor also cites *In re Setelin,* 218 B.R. 818 (Bankr. E.D. Va. 1998), in which the bankruptcy court rejected an argument that a motion to dismiss under § 1307(c) was untimely under the local rules because the motion to dismiss was filed prior to plan confirmation.[6]

Finally, Creditor argues that a 2008 case stands for the proposition that § 1307(c) and § 1325(a) serve different purposes:

> The Sixth Circuit has further held that [§] 1307(c) is distinct from [§] 1325(a). "In other words, consistent with the *Love* decision, cited with approval in footnote 11 of *Marrama* and followed by the Sixth Circuit in *In re Alt*, 305 F.3d at 420, this Court concluded that the debtor's conduct was such that she could survive a motion to dismiss for bad faith.  Nevertheless, upon closer scrutiny, she could still end up with confirmation of her plan denied for lack of good faith under 11 U.S.C. § 1325(a) and her case reconverted to Chapter 7 under 11 U.S.C. § 1307(c)."  *In re Salvo*, [Case No. 07-11829,] 2008 Bankr. LEXIS 1142, [at] *10 [(Bankr. N.D. Ohio April 4, 2008)].[7]

[Reply at 6.]  The *Salvo* decision does not address the issue presented herein, and Creditor selectively quotes from that case in its Reply.

In *Salvo*, the bankruptcy court denied a motion to dismiss for lack of good faith in filing the petition and permitted the debtor to convert to chapter 13 and propose a plan.  The Chapter 7 Trustee sought appealed this ruling and sought a stay pending appeal.  The bankruptcy court denied the motion to stay and reasoned that, among other things, the Trustee was not entitled to a stay because

---

[6] Creditor also cites *In re Powers,* 135 B.R. 980 (Bankr. C.D. Cal. 1991), another pre-BAPCPA case, for the proposition that "'there are two separate interests being protected under Sections 1325(a) and 1307 -- and different time limitations applicable to raising issues under these sections is appropriate.'"  [Reply at 5 (quoting *Powers* at 989).]  Upon review, the Court finds that *Powers*—another pre-BAPCPA opinion like *Newman*, *Nicholes*, *Elstien*, and *Setelin*, *supra*—is of limited utility because it was decided before Congress added § 1325(a)(7) to the Code.

[7] The Court notes Creditor's assertion in this excerpt that the Sixth Circuit issued the *Salvo* opinion—suggesting it is binding on this Court—when, in fact, a sister bankruptcy court issued the opinion.  Counsel is admonished to be accurate in its representations of binding authority.

8

>it is unlikely that the district court would find that this Court committed clear error when it held that the debtor should be given the opportunity to demonstrate that she can propose a Chapter 13 plan in good faith, with the option of reconverting the case to Chapter 7 if the debtor's plan cannot meet the good faith and other requirements for confirmation under Chapter 13.

*Salvo*, 2008 Bankr. LEXIS 1142, at *8.  The bankruptcy court's reasoning (which includes, but is not limited to the passage quoted in Creditor's Reply) is as follows:

>In the present case, after hearing the testimony of the debtor and other evidence, this Court concluded that the debtor's actions were not such extreme circumstances as to justify the immediate dismissal of her case under Chapter 13. In so holding, this Court expressly reserved the right to deny confirmation of the debtor's Chapter 13 plan for lack of good faith.  In other words, consistent with the Love decision, cited with approval in footnote 11 of *Marrama* and followed by the Sixth Circuit in *In re Alt*, 305 F.3d at 420, this Court concluded that the debtor's conduct was such that she could survive a motion to dismiss for bad faith.  Nevertheless, upon closer scrutiny, she could still end up with confirmation of her plan denied for lack of good faith under 11 U.S.C. § 1325(a) and her case reconverted to Chapter 7 under 11 U.S.C. § 1307(c).  In short, nothing in *Marrama*, [*In re Copper*, 426 F.3d 810, 814 (6th Cir. 2005)], *Alt*, or the Bankruptcy Code dictates the harsh result that this Court deny such a debtor even the opportunity to propose a plan which might meet the good faith and other requirements for confirmation under Chapter 13.  Accordingly, the Court concludes that the Chapter 7 trustee is unlikely to succeed on the merits of his appeal.

*Id*. at *9-10.  *Salvo* does not support Creditor's position as suggested; it clearly addresses § 1325(a)(3), not § 1325(a)(7).

**D.     A creditor that does not timely object to a plan under § 1325(a)(7) may not later move to dismiss for "cause" under § 1307(c) based on the argument that the debtor filed a petition in bad faith.**

Having considered the parties' arguments, the Court returns to the Bankruptcy Code and pertinent Court Rules to resolve the Motion.  Since 2005, the Code has required that whether the debtor filed a chapter 13 petition in good faith is an issue that must be addressed in connection with plan confirmation.  11 U.S.C. § 1325(a)(7).  If a creditor believes that a bankruptcy court should not confirm a debtor's plan based upon a lack of good faith in filing their petition, then

9

the Bankruptcy Rules authorize the creditor to object to plan confirmation. The version of Bankruptcy Rule 3015(f) in effect when Creditor filed the Motion provided:

> An objection to confirmation of a plan shall be filed and served on the debtor, the trustee, and any other entity designated by the court, and shall be transmitted to the United States trustee, before confirmation of the plan. An objection to confirmation is governed by Rule 9014. If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

FED. R. BANKR. P. 3015(f). In addition, the Court has enacted a local rule regarding objections to confirmation, which, as of the date Creditor filed the Motion, provided:

> An objection to confirmation of a chapter 13 plan must be filed with the court and served on the debtor and the chapter 13 trustee within 7 days after the date first set for the meeting of creditors. An objection to a modified plan must be filed within 7 days after the filing of a modified plan.

KYEB LBR 3015-3(a)(i).[8] Creditor thus had a clear deadline by which it could object to confirmation of Debtor's plan based upon alleged bad faith in filing the petition under § 1325(a)(7). Creditor did not do so.

A leading bankruptcy treatise provides: "once a plan is confirmed, the confirmation order should constitute a binding determination that the petition was filed in good faith that precludes granting dismissal on the grounds that the petition was not filed in good faith." Alan N. Resnick & Henry J. Sommer, 8 COLLIER ON BANKRUPTCY ¶1325.08 (16th ed.). The Court concludes that it is also true that, once the deadline to object to a plan under § 1325(a)(7) has passed, this precludes a creditor from seeking dismissal based on bad faith in filing a petition as "cause" under § 1307(c). Otherwise, the objection to confirmation deadline is meaningless in the context of anything other than a creditor's plan treatment. This conclusion also serves the purposes of equity; like other matters pertaining to eligibility in bankruptcy, it can and should be

---

[8] Applying the versions of the Bankruptcy Rules and this Court's Local Rules that came into effect on December 1, 2017, would not alter the analysis or result herein.

determined at the outset of a chapter 13 case whether the debtor filed a petition in bad faith. *See*, *e.g.*, *In re Pearson*, 773 F.2d 751, 756-57 (6th Cir. 1985) (explaining that it is appropriate to determine a debtor's threshold eligibility under chapter 13 expeditiously because "[t]he resources of the debtor are almost by definition limited and [thus] the means of determining eligibility must be efficient and inexpensive. To allow an extensive inquiry in each case would do much toward defeating the very object of the statute.")

The Court concludes that the addition of § 1325(a)(7) obligated Creditor to timely object to confirmation if it perceived that Debtor filed his petition in bad faith.[9] Creditor's failure to do so amounted to a waiver of this bad-faith argument under § 1307(c).

### CONCLUSION AND ORDER

Congress amended the Code in 2005 and expressly included good faith in filing the petition as a confirmation requirement. With BAPCPA's addition of § 1325(a)(7), a creditor must file a timely objection to plan confirmation under that section of the Bankruptcy Code if it seeks to challenge a debtor's good faith in filing a petition. Deadlines have a purpose. A creditor may not ignore the deadline to object to plan confirmation based upon § 1325(a)(7) and sidestep that deadline by filing a motion under § 1307(c), asserting that "cause" exists to dismiss because the debtor filed the petition in bad faith. For these reasons, the Motion is DENIED.

---

[9] Creditor still may file a motion to dismiss under § 1307(c) on other grounds not implicated by § 1325(a)(7). In addition, had Creditor filed a motion under § 1307(c) based upon Debtor's alleged bad faith in filing his petition before the deadline to object to confirmation, such a motion would have been analyzed differently.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Tracey N. Wise*
**Bankruptcy Judge**
Dated: Thursday, March 22, 2018
(tnw)